UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| JASMINE BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SELECT ONE, INC. and DANIEL GEORGIEVSKI,<br><br>Defendants. | Case No. 1:24-cv-00903 |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**I.   INTRODUCTION**

1.   This is an action brought on behalf of current and former delivery drivers challenging Defendant Select One, Inc.'s ("Select One") unlawful practices of misclassifying its drivers as independent contractors and making unlawful deductions from delivery drivers' wages and requiring them to bear expenses which should have been properly borne by Select One. Plaintiff also contends that, as a result of the deductions and expenses he and other drivers were forced to incur, there were weeks in which the delivery drivers' pay fell below minimum wage. Plaintiff contends that, although he and other delivery drivers were classified by Select One as independent contractors, they were, in fact, employees of Select One. Plaintiff also contends that Defendant Daniel Georgievski is individually liable by virtue of his role within Select One, creating and overseeing Select One's unlawful classification and compensation practices.

2.   Plaintiff Jasmine Brown ("Plaintiff") brings this case as a class action under Fed.

R. Civ. P. 23 on behalf of all current and former delivery drivers who have contracted with Select One to provide delivery services for Select One between February 1, 2014 and the present. Plaintiff alleges that, as a result of Select One's policies, illegal deductions were made from his and other delivery drivers' wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9. Plaintiff also alleges that Select One unlawfully required him and others similarly situated to incur expenses that should have properly been borne by Defendants in violation of 820 Ill. Comp. Stat. 115/9.5.

3. Plaintiff also brings this case as a collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of all current and former delivery drivers who have provided delivery services for Select One between February 1, 2021 and the present. Plaintiff alleges that, as a result of Defendants' policies, and the deductions made from his and other delivery drivers' pay, Plaintiff and other delivery drivers received less than the minimum wage, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

4. Plaintiff also alleges that, as a result of its unlawful wage practices, Select One was unjustly enriched.

## II. THE PARTIES

4. Plaintiff Jasmine Brown is an adult resident of Rocky Mount, North Carolina. Plaintiff provided trucking services for Select One in Illinois as a truck driver between approximately January 2021 and May 2023. During this time, Plaintiff was classified as an independent contractor.

5. Defendant Select One is an Illinois corporation headquartered in Channahon, Illinois. It does business in Illinois and is registered with the Illinois Secretary of State.

6. According to Defendant Select One's website, Select One is a "customer-focused trucking company" which has "one of the newest, most technologically advanced fleets on the

2

road[.]."[1]

7. Defendant Daniel Georgievski ("Georgievski") is an Illinois resident and is the Manager of Select One. In this capacity, Georgievski possesses and exercises the authority to make or participate in decisions concerning drivers' compensation; implement and enforce rules affecting the material terms of drivers' work, employment, and compensation; hire drivers, supervise their work, and impose discipline on them.

**III. JURISDICTION AND VENUE**

8. The Court has personal jurisdiction over Plaintiff and the class he seeks to represent because they worked in the State of Illinois for Illinois employers and/or are citizens of the state of Illinois.

9. The Court has personal jurisdiction over Defendants because Defendants reside in Illinois, do business in the State of Illinois, and their conduct in the State of Illinois underlies all claims in this suit.

10. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

12. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this lawsuit occurred in this District.

**IV. STATEMENT OF FACTS**

13. Plaintiff was hired by Select One to perform deliveries in Illinois and across the United States.

---

[1] https://selectoneinc.net (last visited Jan. 20, 2024).

3

14. Plaintiff was required to sign an independent contractor agreement with Select One.

15. Plaintiff leased a truck and trailer from Select One. The truck and trailer had markings on them displaying the Select One insignia.

16. Plaintiff worked for Select One full time, up to 70 hours a week. He did not work anywhere else while working for Select One.

17. Plaintiff and other delivery drivers were required to regularly check in with Select One dispatchers to take their instructions as to which loads to haul, where and when to pick up these loads.

18. Plaintiff and other delivery drivers were also required to comply with Select One's strict time constraints for deliveries and other instructions and were required to regularly report to Select One staff and Select One's office in Illinois.

19. Plaintiff was paid on a percentage-of-the-load basis for the deliveries he made.

20. Throughout the course of Plaintiff's employment, Select One made deductions from his pay for items including insurance, fuel, truck and trailer rental, escrow, maintenance and repairs, highway taxes, IFTA payments, and GPS, which often came to thousands of dollars per week. Plaintiff did not authorize these deductions.

21. In addition to the amounts that were unlawfully deducted from Plaintiff's pay, Select One failed to reimburse Plaintiff's out-of-pocket expenses he incurred in order to perform his duties, including cell phone payments and various maintenance items.

22. Finally, Plaintiff's take-home pay was significantly below minimum wage in a number of weeks during which Plaintiff worked for Select One. The deductions and out-of-pocket expenses which Plaintiff was forced to incur directly contributed to bring his pay below minimum wage.

23. For example, for the pay period ending May 4, 2021, Plaintiff's pay statement indicates that he owes $250.14 to Select One. Similarly, for the pay period ending March 15, 2022, Plaintiff's pay statement indicates that he *owes* $240.28 to Select One.

24. Although Select One classified Plaintiff and other delivery drivers as independent contractors, the behavior and financial control manifested over the drivers by Select One demonstrates that they were employees of Select One.

25. Plaintiff and other class members were required to pick up trucks and trailers from Select One's Yard in Illinois. Additionally, maintenance and repairs of equipment provided by Select One had to be conducted at Select One's yard in Illinois.

26. Plaintiff and other class members were hired by Select One in Illinois at Select One's office, were required to pick up and deliver freight for Select One in Illinois, and received directions regarding their deliveries from Select One dispatchers and management team in Illinois.

27. Select One controlled every aspect of their drivers', including Plaintiff's, work. Such control included, but was not limited to the following:

    A. Select One required Plaintiff and other similarly situated drivers to comply with instructions dictated by written and unwritten policies, procedures, and directives regarding Plaintiff's and other similarly situated drivers' duties.

    B. Plaintiff and other delivery drivers were required to report to Select One's facilities regularly. For example, Plaintiff and other drivers were regularly required to come to Select One's Illinois office to have their equipment serviced.

    C. The trucks and trailers Plaintiff and class members drove bore Select One insignia and markings.

D. Plaintiff, as well as other similarly situated drivers, were required to report to or contact dispatchers employed by Select One to receive delivery assignments, to report when they picked up and reopped off loads, and to report any issues with their assigned deliveries.

E. Select One instructed Plaintiff and other similarly situated drivers which loads to pick up, the location of the loads/goods to be delivered, as well as the time frames for loading and unloading. Additionally, Select One dictated the time by which each delivery must be made. Select One's dispatchers and supervisors also communicated with Plaintiff and similarly situated drivers while they were driving via telephone in order to convey instructions and otherwise oversee the drivers.

F. Plaintiff and other similarly situated drivers had GPS devices on their vehicles, which allowed Select One to track the drivers throughout the day.

G. Select One subjected drivers, including Plaintiff, to a variety of deductions, including, but not limited to, deductions for insurance, fuel, truck and trailer rental, escrow, maintenance and repairs, highway taxes, IFTA payments, and GPS.

H. If Plaintiff or other similarly situated drivers wished to take time off, they were required to give timely advance notice to Select One, with the Plaintiff and other similarly situated drivers disciplined or terminated for failure to provide such notice.

28. Plaintiff and other delivery drivers performed work which is in the usual course of business of Select One — *i.e.* they were truck drivers who performed delivery services and Select One is engaged in business of providing trucking delivery services to their customers.

29. Plaintiff and other delivery drivers drove trucks which were under Select One's DOT Number.

30. Select One required Plaintiff and putative class members to submit all bills of lading, logbooks, and other required paperwork to Select One's office in Illinois.

31. At no time during their employment were Plaintiff and other similarly situated drivers allowed to have their own customers nor did they ever have their own customers. Further, they could not choose and did not choose their own routes for delivery of cargo, could not and did not receive compensation or otherwise exchanged payment for their delivery other than being compensated by Select One and could not and did not negotiate any matters or bargains with any customers or brokers.

32. Plaintiff and other similarly situated truck drivers shared similar job titles, followed the same policies and practices, performed similar duties, and as a result of Select One's common scheme of misclassification and applications of unlawful deductions, were similarly denied compensation in violation of the IWPCA and the FLSA.

V. CLASS ALLEGATIONS

33. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following IWCPA Class:

> all other persons who contracted to provide trucking delivery services for Select One as delivery drivers in Illinois, and who personally provided trucking delivery services to Select One, who have either been classified as independent contractors or have not been paid or treated as employees during the relevant statutory period.

34. The members of the class are so numerous that joinder of all members is impracticable. Plaintiffs believe that the Class numbers exceed forty (40) members.

35. Common issues of law and fact predominate the claims of the class.

Specifically, all claims are predicated on a finding that Select One misclassified its drivers as independent contractors when they were in fact employees. In short, the claims of the named Plaintiff are identical to the claims of the class members.

36. The named Plaintiff is an adequate representative of the class because all class members were subject to Select One's uniform practices and policies. Further, Plaintiff and the potential class plaintiffs have suffered the same type of economic damages as a result of Select One's practices and policies.

37. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff's counsel is competent and experienced in litigating large wage and hour class and collective actions.

38. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

VI. **COLLECTIVE ALLEGATIONS**

39. Plaintiff's FLSA claims should proceed as a collective action on behalf of all similarly situated individuals who worked as delivery drivers for Select One during the past three years who may choose to opt-in to this case.

40. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Select One did not pay drivers at least the minimum wage for all hours worked, and therefore they are "similarly situated" as that term is defined

in 29 U.S.C. § 216(b).

## Count I
### Illinois Wage Payment and Collection Act
### (Unlawful Deductions)

41. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

42. At all relevant times, Plaintiff and members of the proposed class were "employees" of Defendants as defined by the IWPCA.

43. At all relevant times, Defendants were employers of Plaintiff and proposed class members as defined by the IWPCA.

44. The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making unauthorized deductions from employees' wages.

45. Select One violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiff's and class members' wages.

46. Daniel Georgievski violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by permitting and directing Select One to make unlawful deductions from Plaintiff's and the proposed class members' wages.

47. Plaintiff seeks reimbursement for all unlawful deductions taken by Select One from his and class members' pay.

## Count II
### Illinois Wage Payment and Collection Act
### (Expenses)

48. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

49. At all relevant times, Plaintiff and the proposed class members were "employees" of Defendants as defined by the IWPCA.

50. At all relevant times, Defendants were employers of Plaintiff and the proposed class as defined by the IWPCA.

51. Select One violated Section 115/9.5 of the IWPCA by failing to reimburse Plaintiff and other class members who worked for them since January 1, 2019 for expenditures they incurred related to services performed for the Defendants from January 1, 2019 to the present.

52. Daniel Georgievski violated the IWPCA, 820 Ill. Comp. Stat. 115/9.5, by permitting drivers to incur expenses related to their work for Select One that should have been borne by Defendants.

53. Plaintiff seeks reimbursement for all unlawful expenses he and the proposed class members were forced to incur as part of their work for Defendants.

**Count III**
**Fair Labor Standards Act**
**(Minimum Wage)**

54. Plaintiff re-alleges and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

55. Select One regularly failed to pay Plaintiff and the members of the putative FLSA collective the statutory minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

56. Under the FLSA, 29 U.S.C. § 206, Defendants were required to pay Plaintiff and the members of the putative collective minimum wage for all hours worked.

57. However, due to the improper deductions Defendants made from Plaintiff's and FLSA collective members' pay, as well as the out of pocket expenses they were forced to pay

directly, the wages of Plaintiff and the members of the FLSA Collective regularly fell below the minimum wage.

58. Defendants' conduct was willful and intentional, in that Defendants knew, required, approved and/or suffered or permitted Plaintiff and members of the FLSA collective to work hours for which they were not paid at the federal minimum wage.

59. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

### Count IV
### Unjust Enrichment
### (In the alternative to Counts I and II)

60. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

61. As a result of Select One's mischaracterizing of Plaintiff and the proposed class as "independent contractors," Plaintiff and members of the proposed class were forced to pay substantial sums of money for work-related expenses, including but not limited to costs associated with operating and maintaining the trucks they drove.

62. Further, by mischaracterizing Plaintiff and the proposed class as "independent contractors" Select One evades employment-related obligations, specifically workers' compensation coverage. Select One illegally shifts these costs to Plaintiff and class members.

63. By wrongly characterizing Plaintiff and class members as "independent contractors," Select One is able to save significant sums of money that it otherwise would be forced to expend on workers' compensation insurance.

64. By misclassifying its employees as "independent contractors," and by requiring those employees to pay their expenses, Select One has been unjustly enriched.

## Prayer for Relief

WHEREFORE, Plaintiff requests that the Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3);

2. Appointing Plaintiff Jasmine Brown as class representative and his counsel as class counsel;

3. An order enjoining Defendants from violating the IWPCA and FLSA;

4. All unpaid wages;

5. Restitution for all deductions taken from Plaintiff's and class members' wages;

6. Restitution for all Select One's operating expenses that Plaintiff and class members were forced to bear;

7. Prejudgment interest on the unpaid wages in accordance with 815 Ill. Comp. Stat. 205/2;

8. Statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

9. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

10. Payment of all wages due to Plaintiff and members of the collective;

11. Liquidated damages under the FLSA;

12. Attorney's fees and costs;

13. Any other relief to which Plaintiff and the Class/Collective members may be entitled.

DATED: February 1, 2024          Respectfully Submitted,

                                        JASMINE BROWN, individually and on behalf of all others similarly situated,

                                        By his attorneys,

/s/ Bradley Manewith

Bradley Manewith, IARDC # 6280535
Lichten & Liss-Riordan, P.C.
5 Revere Drive, Suite 200
Northbrook, IL 60062
Tel. (617) 994-5800
Fax (617) 994-5801
bmanewith@llrlaw.com


Harold Lichten (*pro hac vice anticipated*)
Olena Savytska (*pro hac vice anticipated*)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com