UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jasmine Brown, *Plaintiff*, v. Select One, Inc. and Daniel Georgievski, *Defendant*. | No. 24 CV 903 Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jasmine Brown, individually and on behalf of all other similarly situated delivery drivers, sued Defendant Select One, Inc. and its manager, Daniel Georgievski, for violations of the Illinois Wage Payment and Collection Act, the Fair Labor Standards Act, and the common law tort of unjust enrichment. A year and a half ago, on July 12, 2024, this court entered an order granting Brown's motion for conditional certification under the FLSA, 29 U.S.C. § 216(b). [Dkt. 27.][1] Defendants now seek reconsideration of that order.

## I. Background

Section 216 of the Fair Labor Standards Act allows employees to bring collective actions against employers on behalf of themselves and other similarly situated employees. 29 U.S.C. § 216(b). Collective actions are "a consolidation of individual cases, brought by individual plaintiffs." *Vanegas v. Signet Builders, Inc.*, 113 F.4th 718, 726 (7th Cir. 2024) (internal citation omitted). Unlike class actions, each plaintiff "must affirmatively opt in to join a collective action" and "enjoys full party status." *Richards v. Eli Lilly & Co.*, 149 F.4th 901, 906 (7th Cir. 2025).

Because the goals of collective actions—enforcement and efficiency—can only be fulfilled if similarly situated employees have notice of a pending action, "the Supreme Court has held that federal district courts may issue notice of a pending collective action to 'potential plaintiffs' so that they may make 'informed decisions about whether to participate.'" *Id.* at 906 (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–73 (1989)). "The Court declined, however, to define who qualifies as a potential plaintiff or what showing plaintiffs must make to secure notice, confirming 'the existence of the trial court's discretion' to facilitate notice but 'not the details of its exercise.'" *Id.* (quoting *Hoffman-La Roche*, 493 U.S. at 169–70).

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

1

At the time this court granted Brown's motion for conditional certification, district courts in this circuit typically followed the two-step process laid out in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 361 (D.N.J. 1987). At the first step, commonly known as the "conditional certification stage," a plaintiff has the modest burden of showing "that there are similarly situated employees who are potential claimants." *Latipov v. AN Enter., Inc.*, 2024 WL 474166, at *5 (N.D. Ill. Feb. 7, 2024) (internal citation omitted). If the plaintiff meets this burden, potential plaintiffs are "sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action." *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011).

Once the opt-in process and discovery are complete, step two occurs. At this stage a defendant—now armed with specific information about the collective's membership—often moves to challenge whether the collective is in fact similarly situated. See *Richards*, 149 F.4th at 907. The court then "reevaluates the conditional certification to determine whether there is sufficient similarity between the named and opt-in [employees] to allow the matter to proceed to trial on a collective basis." *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008) (internal citations omitted). If the answer is no, the collective action "reverts to one or more individual actions on behalf of the named plaintiffs." *Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2010).

In its order granting Brown's motion for conditional certification, the court applied step one of *Lusardi* and found that he met the low burden of demonstrating that he was similarly situated to potential plaintiffs. [Dkt. 27 at 17.] The court then facilitated notice to potential collective members and almost 200 individuals opted in. [Dkt. 33; see, *e.g.*, dkts. 37, 43.]

The parties completed discovery on March 3, 2025. [Dkt. 59.] And in February 2025 Brown filed a motion for class certification under Rule 23, dkt. 62, which the court granted, dkt. 75 ("The court certifies the following class pursuant to Rule 23(b): All individuals who worked as delivery drivers for Select One in Illinois between February 2014 and April 2023 and who were classified as independent contractors.").

## II. Legal Standard

District courts have discretion to entertain motions to reconsider prior decisions. See Rule 54(b); *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015); see also *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). But motions for reconsideration are "disfavored," *Patrick*, 103 F. Supp. 3d at 911, and "[t]o be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004).

Ultimately, motions for reconsideration serve a very limited purpose: correcting manifest errors of law or fact and presenting newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A manifest error of law occurs "when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen,* 807 F.3d 239, 253 (7th Cir. 2015) (cleaned up); see also *United States v. Ligas*, 549 F.3d 497, 501–02 (7th Cir. 2008) (explaining that a manifest error of law or fact occurs "when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it").

### III. Analysis

In August 2025, the Seventh Circuit decided *Richards v. Eli Lilly & Co.*, 149 F.4th 901. *Richards* rejected the two-step *Lusardi* approach and set forth a new standard for district courts to apply when determining whether to facilitate notice for a proposed collective under the FLSA. *Id.* at 910–913. Under *Richards*, the plaintiff must first make a "threshold showing that there is a material factual dispute as to whether the proposed collective is similarly situated." *Id.* at 913. That is, "a plaintiff must produce some evidence suggesting that they and the members of the proposed collective are victims of a common unlawful employment practice or policy." *Id.* A court considering whether a plaintiff meets this burden must allow the defendant to submit rebuttal evidence and take into account the "extent to which plaintiffs engage with opposing evidence." *Id.*

A plaintiff is not, moreover, "entitled to notice upon establishing the existence of a material dispute as to similarity." *Id.* Once the district court determines that a factual dispute as to similarity exists, "the decision to issue notice will depend on its assessment of the factual dispute before it." *Id.* If the court finds that evidence necessary to resolve the dispute is likely in the hands of the yet-to-be-noticed employees, it can proceed with a two-step approach, first issuing notice and then making a final decision on similarity after opt-in and discovery are complete. *Id.* But if "the court is confident that a similarity dispute can be resolved by a preponderance of the evidence before notice, it may authorize limited and expedited discovery" before deciding whether to facilitate notice. *Id.*

Pointing to *Richards* as an intervening change in law, Defendants urge the court to reconsider its order granting Brown's motion for conditional certification. See *Ligas*, 549 F.3d at 501 (explaining that one possible ground for reconsideration is a "significant change in the law or facts since the parties presented the issue to the court").

Defendants are correct that the court's order granting Brown's motion for conditional certification applied an approach that *Richards* rejected. And *Richards* is

3

no doubt the law of the circuit. The court declines, however, to reconsider its prior order. To do so would undermine the goals of the FSLA and leave the court and the parties in limbo.

Underlying the Seventh Circuit's decision in *Richards* are several core principles: timely and accurate notice, judicial neutrality, and judicial discretion. See *Richards*, 149 F.4th at 910. Under the *Lusardi* approach, the Seventh Circuit observed, timely notice is favored at the expense of judicial discretion and neutrality. *Id.* at 911. Requiring the district court to wait to sever a collective until after the opt-in process and discovery are complete even when the dissimilarity of the collective could be determined far sooner, the court explained, is inefficient and unnecessarily increases litigation costs. *Id.* "Sending notice to [employees] who are ineligible to join the collective," moreover, could be seen as judicial solicitation of claims and "generate significant discovery costs, incentivizing defendants to settle early rather than attempt to 'decertify' at step two." *Id.*

*Richards* also rejected the certification processes used in the Fifth and Sixth Circuits which ask too much of a plaintiff seeking court-facilitated notice. *Id.* at 911–12; see *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021); *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023). Requiring a plaintiff to prove similarity by a preponderance of the evidence (as in the Fifth Circuit) or a strong likelihood (as in the Sixth Circuit), the court reasoned, ignores scenarios where the "evidence necessary to establish similarity resides with yet-to-be-noticed" employees. *Id.* at 911. These approaches, in other words, do not leave space for judicial discretion.

So with *Lusardi* asking too little and other circuit courts asking too much, the Seventh Circuit charted its own path—one that stresses flexibility without sacrificing efficiency, judicial discretion, or neutrality. See *Richards*, 149 F.4th at 914 ("The watchword here is flexibility, with respect for the principles outlined in *Hoffmann-La Roche* and the remedial goals of the FLSA and ADEA.").

Granting Defendants' motion to reconsider would not address any of the principles outlined in *Richards*. Defendants, for example, assert that the *Lusardi* approach allows a plaintiff's counsel to solicit claims and use the prospect of significant discovery to leverage settlements. [Dkt. 80 at 5.] But the notices have already been sent out and both discovery and the opt-in period have closed. Re-examining Brown's motion for conditional certification would not erase the opt-in employees' knowledge of a potential claim. Cf *McClurg v. Dallas Jones Enters., Inc.*, 2023 WL 8604177, at *4 (W.D. Ky. Dec. 12, 2023) ("Even if the Court were inclined to grant Defendant's request, issuing notice—by its very nature—is an act that cannot be undone."). Nor would it prevent each of those employees from joining the suit on their own accord. *Stewart v. First Student, Inc.*, 2023 WL 6662979, at *5 (N.D. Ohio Oct. 12, 2023) (citing cases where plaintiffs filed consent forms opting in to a collective

4

before any court-facilitated notice). In short, "re-ringing" the notice bell would be a futile, inefficient exercise.

According to Defendants, the proper next step is to "decertify the FLSA 216(b) class, and require Plaintiffs to follow the *Richards* steps to issue notice." [Dkt. 85 at 6.] Not so. As *Richards* explained, a court does not certify a collective action when it allows a party to conduct discovery on the similarity issue. See *Richards*, 149 F.4th at 907 ("Conditional certification does not produce a legal class or join any parties to the action. Rather, [t]he sole consequence of conditional certification is the sending of court-approved written notice to employees. Thus, at step two, there is technically no collective to 'decertify.'" (internal citations omitted)). It's true that district courts, including this one, typically refer to the process as conditional certification. But it is just that—*conditional*. And Brown has not yet requested that the court move beyond the conditional stage to officially certify the collective. So the court cannot "decertify" the collective.

Right to the point, it is unclear what, if anything, would be accomplished by granting Defendants' motion to reconsider. Instead, Defendants are free to argue, based on the already discovered evidence, that the opt-in employees are not similarly situated.[2]

---

[2] As recognized in *Richards*, several other circuit courts have recently rejected the *Lusardi* approach to court-facilitated notice. See *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021); *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023). District courts in the Sixth Circuit have also declined to change course once notice had already been issued in good faith and pursuant to the law at the time of decision. See, *e.g.*, *Stewart*, 2023 WL 6662979, at *5 ("Further, whether or not notification would have been appropriate under the *Clark* standard, the Court sees no reason to invalidate the consent notices filed by employees who received court-facilitated notice in the earlier stages of this litigation, under the prior standard."); *Pendleton v. First Transit, Inc.*, 2024 WL 1071115, at *4 (S.D. Ohio Mar. 12, 2024) ("The conditional certification was done according to the law of the jurisdiction at the time, and *Clark*'s change in legal standard should not retroactively invalidate their status as opt-in plaintiffs."); *McClurg v. Dallas Jones Enters., Inc.*, 2023 WL 8604177, at *4 (W.D. Ky. Dec. 12, 2023) ("Even if original notice would have been improper under the *Clark* standard, *Clark* does not necessitate the invalidation of any subsequent consent forms."); see also *Sanchez v. Roka Akor Chicago LLC*, 2016 WL 74668, at *5 (N.D. Ill. Jan. 7, 2016) ("As noted by the parties in their respective briefs, discovery has already been completed in this case. As a result, the court can skip the first step of conditional certification and decide whether the collective action can be certified.").

## IV. Conclusion

For these reasons, the court denies Defendants' motion to reconsider.

Enter: 24-cv-903
Date: December 19, 2025

_____
Lindsay C. Jenkins